## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ABIGAIL L. PADILLA,
        Appellant,

     v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
DE-0752-15-0483-B-1

DATE: September 15, 2022

# THIS ORDER IS NONPRECEDENTIAL[*]

Abigail L. Padilla, Denver, Colorado, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

The appellant has filed a petition for review of the remand initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant filed a Board appeal on July 10, 2015, challenging her removal from Federal service, effective June 26, 2015, and raising several affirmative defenses, including whistleblower reprisal, disability discrimination, and retaliation for engaging in protected equal employment opportunity (EEO) activity. *Padilla v. Department of the Treasury*, MSPB Docket No. DE-0752-15-0483-I-1, Initial Appeal File (IAF), Tab 1 at 3, 5. The administrative judge issued an initial decision dismissing the appeal without prejudice subject to automatic refiling within 120 days of the date of the initial decision, finding that, because the appellant previously elected to challenge her removal before the Office of Special Counsel (OSC), her Board appeal was an individual right of action (IRA) appeal that she filed prematurely. *Padilla v. Department of the Treasury*, MSPB Docket No. DE-0752-15-0483-I-1, Initial Decision (Sept. 2, 2015).

¶3    The appellant petitioned for review of the initial decision, and the Board granted her petition and vacated the initial decision. *Padilla v. Department of the Treasury*, MSPB Docket No. DE-0752-15-0483-I-1, Remand Order (Feb. 8, 2016). The Board found that the record was unclear as to whether the appellant filed a complaint with OSC regarding her removal prior to filing her Board appeal and that further adjudication was necessary. *Id.*, ¶¶ 8-11. The Board ordered the administrative judge to determine in which forum the appellant first challenged her removal. *Id.*, ¶ 11. If the administrative judge determined that she first filed at OSC, the Board instructed him to adjudicate her appeal under its procedures governing IRA appeals. *Id.* If he determined that she filed her Board appeal first, the Board instructed him to adjudicate the appellant's removal under chapter 75

and to consider any affirmative defenses that she raised in response to the removal. *Id.*

¶4 On remand, the administrative judge issued an Election of Remedies Order, finding that the appellant challenged her removal with OSC prior to filing her Board appeal but that she did not make a knowing election of remedies because the agency failed to provide her with notice of the applicable consequences of her election. *Padilla v. Department of the Treasury*, MSPB Docket No. DE-0752-15-0483-B-1, Remand File (RF), Tab 12 at 2. As a result, he gave the appellant a choice of either pursuing her appeal with the Board as an IRA appeal that challenges her removal based on alleged whistleblower retaliation or as a removal appeal under chapter 75 with an opportunity to assert her affirmative defenses. *Id.* The appellant replied, asking the Board to review her appeal as an IRA appeal but also challenging the merits of the removal by attaching the agency's table of penalties and reasserting her claims of disability discrimination and EEO retaliation. RF, Tab 13 at 4-5, 9-37. Thereafter, the administrative judge issued a second order, requesting that the appellant choose only one of the options previously presented. RF, Tab 14. The applied replied, circling the option to pursue her appeal as an IRA appeal but also continuing to appear to assert her affirmative defenses of disability discrimination and EEO retaliation. RF, Tabs 15-16.

¶5 Based on the written record, the administrative judge issued a remand initial decision, finding that the appellant elected to pursue her appeal as an IRA appeal and dismissing the appeal for lack of jurisdiction. RF, Tab 23, Remand Initial Decision (RID) at 1. Specifically, the administrative judge found that the appellant failed to make a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8). RID at 9-13.

¶6 The appellant, who is pro se, has filed a petition for review in which she challenges the administrative judge's findings regarding her protected disclosures and continues to appear to assert her affirmative defenses of disability

discrimination and EEO retaliation. Remand Petition for Review (RPFR) File, Tab 1 at 4-8. The agency has filed an opposition in response to the petition for review. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        An employee who claims to have suffered whistleblowing reprisal regarding an action may elect no more than one of the following remedies: a direct appeal to the Board; a negotiated grievance procedure pursuant to 5 U.S.C. § 7121; or a request for corrective action under 5 U.S.C. chapter 12, subchapters II and III, i.e., an OSC complaint, potentially to be followed by an IRA appeal. 5 U.S.C. § 7121(g); *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 17 (2015), *clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016). Ordinarily, an individual who first requests corrective action from OSC will be deemed to have made a binding election to proceed in that forum. 5 U.S.C. § 7121(g)(4)(C); *Savage*, 122 M.S.P.R. 612, ¶ 17. In such a case, the jurisdictional requirements for an IRA appeal apply, even if the contested personnel action would have been directly appealable to the Board. *Savage*, 122 M.S.P.R. 612, ¶ 17. However, the Board also has held that an election under 5 U.S.C. § 7121(g) is binding only if made knowingly and voluntarily. *Id.*, ¶ 18.

¶8        Here, the administrative judge found that the appellant did not make a knowing election because the agency failed to provide her with notice of the consequences of her election. RF, Tab 12 at 2, 9; IAF, Tab 22 at 37-39. As a result, he provided the appellant with the opportunity to elect either an IRA appeal challenging her removal based on alleged whistleblower reprisal or an adverse action appeal challenging her removal under chapter 75 and raising affirmative defenses. RF, Tab 12 at 8. As to a potential IRA appeal, he found that the appellant exhausted her administrative remedies with OSC; that is, that OSC had investigated her allegations, found no basis for determining that a

violation of her rights under the whistleblower laws occurred, and provided her with Board appeal rights. *Id.* at 9; RF, Tab 6 at 6-10. As to a potential removal appeal under chapter 75, he found that the appellant timely filed the appeal and that the Board had jurisdiction over it. RF, Tab 12 at 9.

¶9  Because the administrative judge found that the Board had jurisdiction over her appeal under chapter 75, the choice that he presented to the appellant was essentially a choice between adjudicating—or withdrawing—her affirmative defenses other than whistleblower reprisal. When an appellant raises affirmative defenses, the administrative judge must apprise her of the applicable burdens of proving those defenses and must address those defenses in any close of record order or prehearing conference summary and order. *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶ 8 (2008). When an appellant makes an election to pursue an appeal as an IRA appeal, as opposed to an otherwise appealable action, based on the mistaken belief that he could still pursue his nonwhistleblowing affirmative defenses in an IRA appeal, the Board has found that the election was not knowing and informed and, therefore, not binding. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 18 (2013) (finding that the appellant's election to pursue his claims as an IRA appeal was not a valid, informed election when the record did not show that he received notice that his election would result in the waiver or loss of any of his claims for relief from his removal appeal).

¶10  Here, the administrative judge did not explicitly advise the appellant that she would be withdrawing her affirmative defenses if she chose to pursue her appeal as an IRA appeal, or give her an opportunity to object. Moreover, the appellant's continued assertions throughout the appeal pertaining to her affirmative defenses other than whistleblower reprisal evidence a misunderstanding that, by choosing to pursue her appeal as an IRA appeal, the Board would no longer consider those claims. IAF, Tabs 1, 13, 15, 28; RF, Tabs 13, 15-16; RPFR File, Tab 1 at 4-7; *see Zendejas v. Department of Homeland Security*, 107 M.S.P.R. 348, ¶ 6 (2007) (explaining that a withdrawal

based on a misunderstanding constitutes an exception to the general finality rule). Therefore, we find that, although the appellant circled the option for pursuing her appeal as an IRA appeal, the record evidence indicates that she wanted the merits of her removal and all of her affirmative defenses adjudicated by the Board and that she misunderstood that she was waiving these claims. Under these circumstances, we find a remand is necessary to adjudicate the merits of her removal and any affirmative defenses she raised in response to the removal. *See, e.g.*, *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 18 (2013) (instructing an administrative judge on remand to adjudicate a previously withdrawn whistleblower reprisal claim if the administrative judge determined that the appellant made a binding election to proceed with that claim before the Board and that his decision to withdraw that claim was based on a material misunderstanding that he could pursue the claim at a later date).

## ORDER

¶11      For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    /s/ for

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.